UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Official Time Stamp
U.S. Bankruptcy Court
Northern District of Ohio

| | | |
|---|---|---|
| In re: | ) | Case No. 10-17252 |
| | ) | |
| GEORGE C. DAHER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Chief Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER**[1] |

Attorney John Gold moves this court to reconsider its July 21, 2015 order. For the reasons stated below, his motion is denied.[2] (Docket 121).

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O) and is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011) and its progeny.

## DISCUSSION

### The Motion

In an order and memorandum of opinion entered on July 21, 2015, this court held (among other things) that the doctrine of claim preclusion prevented Mr. Gold from asserting a charging lien against estate property because he should have, but did not, assert the lien in a prior

---

[1] This opinion is not intended for publication, either in print or electronically.

[2] Although Mr. Gold noticed his motion for hearing, the court generally decides motions to reconsider on the papers filed. A hearing is not, therefore, necessary.

adversary proceeding. In this motion, Mr. Gold again asks the court to find that claim preclusion does not apply.

**Civil Rule 59(e)**

Mr. Gold did not identify a procedural basis for this motion. Because he filed the motion within 14 days of the entry of the order, the court will treat the filing as a motion to alter or amend the order under Federal Civil Rule 59(e). *See* FED. R. BANKR. P. 9023 (making FED. R. CIV. P. 59 applicable in bankruptcy cases with some modifications); and *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (stating that when a party files a motion to reconsider a final judgment within the time allowed under Rule 59(e) the court will generally consider the motion to be brought under that rule). Rule 59(e) is intended to give the court the "power to rectify its own mistakes in the period immediately following the entry of the judgment." *White v. New Hampshire Dept. of Emp't Sec.*, 455 U.S. 445, 450 (1982). As the moving party, Mr. Gold bears the burden of establishing grounds for relief under the rule. *Hamerly v. Fifth Third Mortgage Co. (In re J&M Salupo Dev. Co.)*, 388 B.R. 795, 805 (6th Cir. B.A.P. 2008).

There are generally four grounds for Rule 59(e) relief: (1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion cannot be used as an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998).

Mr. Gold argues that the court erred in finding that claim preclusion prevented him from asserting a charging lien for these reasons: (1) "the subject of the . . . [prior adversary proceeding] was limited to the question of whether the insurance proceeds were property of the

bankruptcy estate or whether they were property of . . . [the debtor], free and clear;"[3] (2) his claim to a charging lien could not have been asserted in the prior proceeding because it did not arise until this court determined that the funds were property of the estate; and (3) his charging lien claim is really a claim to priority over the debtor's other creditors, rather than a claim against the trustee. While this seems to be an attempt to re-argue the case rather than to identify a clear error of law, the court will nevertheless address the three points.

Mr. Gold attempts to characterize the adversary proceeding as being limited to the issue of whether the insurance proceeds were property of the estate or the debtor. He does so to try to establish that he did not need to raise the lien issue there. That is not, however, the case. The trustee's complaint requested two things: turnover of the insurance funds and a determination of the parties' interests in the funds. Mr. Gold, a named defendant, should have asserted any interest he felt he had in the funds in that proceeding, including his claim to a charging lien. The fact that Mr. Gold's lien rights were not addressed in the proceeding was because he failed to assert the lien claim, not because of any limitation on the scope of the proceeding.

Mr. Gold's argument that his lien claim did not arise until after this court determined that the insurance proceeds were property of the estate is similarly flawed. Under Ohio law, "[a] charging lien is a lien upon a judgment or other monies awarded to a client, or former client, for work previously performed by the attorney." *Petty v. Kroger Food & Pharmacy*, 844 N.E.2d 869, 871 (Ohio Ct. App. 2005). A "charging lien 'allow[s] a lawyer who has represented a successful claimant to retain out of the proceeds of the suit an amount sufficient to pay the lawyer's claimed fee and disbursements.'" *Corzin v. Decker, Vonau, Sybert & Lackey Co. LPA*

---

[3] Motion, docket 121 at 1.

*(In re Simms Constr. Servs. Co.)*, 311 B.R. 479, 484 (B.A.P. 6th Cir. 2004) (quoting RESTATEMENT (THIRD) OF LAW GOVERNING LAWYERS § 43 cmt. d (2000)). This kind of lien arises when a judgment is obtained or funds are collected and it attaches to the judgment or funds. *See Silverman v. Hartford Accident & Indem. Co. (In re Hronek)*, 563 F.2d 296, 299 (6th Cir. 1977) (discussing Ohio law). As a result, any claim that Mr. Gold had to a charging lien would have arisen when he obtained the state court judgment on the debtor's behalf, and it would have attached to the funds at that point. This court's judgment in the adversary proceeding could not have provided the basis for a charging lien because Mr. Gold did not obtain a judgment for the debtor in that proceeding.

Mr. Gold's attempt to characterize his claim to a charging lien as a claim against the debtor's other creditors also fails as a basis for relief. A charging lien is a security interest against property rather than a general claim to priority against other creditors. That is why the claim should have been asserted as an interest in the property in the adversary proceeding. *See Cuyahoga County Bd. of Comm'rs v. Maloof Props., Ltd.*, 968 N.E.2d 602, 604-5 (Ohio Ct. App. 2012) ("This security interest . . . is a lien upon a judgment or other monies awarded to a client, or former client, for work previously performed by the attorney."). Moreover, Mr. Gold's concern for the procedural due process rights of the debtor's other creditors is unnecessary as those creditors do not have a specific property interest in the insurance proceeds. *See* U.S. CONST. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law[.]"). The trustee is the one charged with the responsibility of maximizing the chapter 7 estate, and he serves as a fiduciary for the creditors as he does so. *See* 11 U.S.C. § 704(a)(1) (charging the trustee with collecting and reducing the property of the estate to

money); and *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3rd Cir.1996) (noting that a chapter 7 trustee has a fiduciary relationship with all creditors of the estate).

**CONCLUSION**

The motion to reconsider is denied. **The funds are to be turned over to the chapter 7 trustee by noon on the next business day after this order is entered.**

IT IS SO ORDERED.

Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge