IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-17252 |
| George C. Daher, | ) | Chapter 7 |
| Debtor. | ) | Judge Jessica Price Smith |

TRUSTEE'S AMENDED MOTION FOR AUTHORITY TO COMPROMISE
CONTROVERSY WITH JOHN GOLD

Now comes the Trustee, by and through counsel, and moves this Court for authority to compromise a controversy pursuant to B.R. 9019. This Amended Motion serves to amend and clarify certain provisions of the 7/28/17 Motion to Compromise. (Doc. 244).

Background

The asset in this case is $51,032.37 held by the State of Ohio as unclaimed funds. The funds were awarded to Debtor in a state court action, *George C. Daher v. Aurora Loan Services, LLC Cuyahoga Case No. CV 12 786509* and placed into Mr. Gold's IOLTA. An adversarial action by the Trustee to recover the funds was commenced and the Bankruptcy Court ruled in Trustee's favor. While on appeal, the dispute between the Trustee and the Debtor settled, and the bankruptcy court approved the Trustee's motion to compromise the controversy, whereby the Debtor would retain $18,300 of the funds and remit $32,722.37 to the Trustee. A subsequent

1

dispute arose between Debtor's counsel, Mr. Gold, and the Trustee as to Mr. Gold's entitlement to collect certain legal fees from the funds held in his IOLTA.

Ultimately, on August 26, 2015, the U.S. Trustee filed a Motion for Contempt requesting a finding of contempt, requesting an accounting of funds and assessing sanctions. On November 30, 2015, the bankruptcy court issued its order finding Mr. Gold in contempt. (Doc 162) and on 3/1/16 the Court entered a supplemental Order imposing sanctions. (Doc 209). Mr. Gold appealed the contempt and sanctions orders first to the District Court and then to the Sixth Circuit Court of Appeals. While his appeal was pending, Mr. Gold and the Trustee reached an agreement, subject to court approval, whereby the Trustee would accept $32,722.37 from Mr. Gold in full satisfaction of all claims, including attorney's fees and per diem penalties.

<u>The Terms of the Compromise</u>

The Chapter 7 trustee is requesting authorization to enter into said compromise. Specifically, the terms of the proposed compromise are:

(1)     Mr. Gold shall pay $16,000.00 to the Trustee.    The $16,000.00 is non-refundable to Mr. Gold for any reason and regardless of whether this motion is granted or denied.   The Trustee is in receipt of the $16,000.00.

(2)     After payment of the $16,000.00, John Gold shall pay $2,000.00 to the trustee on a monthly basis until the total amount of $32,722.37 is paid.   Having received the $16,000.00 on April 4, 2017, the monthly payments shall be due on May 4, 2017, June 4, 2017 and continue to be due on the 4th of each month until paid in full.   Mr. Gold has made additional payments of $8,000.00 to date.

2

(3)      Once the first payment of $16,000.00 is paid, the Trustee shall file a motion to compromise.  While the motion to compromise is pending, Mr. Gold will continue to make the $2,000.00 monthly payments.  The $2,000.00 monthly payments to the Trustee are non-refundable.  Mr. Gold has paid a total of $24,000.00 to this date and has advised this Trustee that he intends to accelerate his payments by paying the full balance due by the hearing date upon this Amended Motion, so that the principal sum of $32,722.37 shall be paid in full by that time.

(4)      If the motion to compromise is approved and upon  payment of  $32,722.37 in full, the 11/30/15 and 3/1/16 contempt and sanctions Orders shall be deemed satisfied and at that time the Trustee will join with Mr. Gold in filing a joint Motion for Relief from those  Judgments   pursuant to Fed.R.Civ.P.60(B)(5).

(5)      Mr. Gold shall dismiss this appeal at his costs within 7 days of the date that this motion to compromise is approved.

(6)      If Mr. Gold fails to timely make a monthly payment, which is defined as a full payment of $2,000.00 payable in certified funds by the 4th of each month or alternatively, to pay the full $32,722.37 by the scheduled hearing date upon this Amended Motion,  the Trustee shall file an affidavit of non-compliance in the bankruptcy court and upon filing such affidavit, Mr. Gold's obligations, fines and penalties as imposed in the March 1, 2016 judgment entry shall be deemed in full force and effect retroactive to March 1, 2016.

3

(7)      If this Amended motion to compromise is not approved, the Trustee shall keep all payments received. In that event, the Trustee and Mr. Gold agree to contact the Circuit Mediator to explore whether another amended motion to compromise is appropriate.

(8)      Neither John Gold nor the Trustee shall make any oral or written statements, telecommunications, facsimiles, faxes, communications, correspondences, electronic communications or correspondences or cause to be made any oral or written statements, telecommunications, facsimiles, faxes, communications, correspondences, electronic communications or correspondences to any third party, person, or entity which, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon the business, reputation, competence, or character of the Trustee or Gold. However, this paragraph shall not apply to any statements of fact made under oath in a legal proceeding.

The Circuit Court appeal is being held in abeyance pending a ruling on this motion.


### The Compromise is in the Best Interest of the Estate

Mr. Gold is a self-employed lawyer. He filed his own chapter 7 bankruptcy case, Case No. 15-33029. That case was voluntarily dismissed by Mr. Gold without discharge. Review of that case indicates that Mr. Gold had no assets that could be liquidated for creditors. The Trustee also performed an independent search for assets. The search disclosed that Mr. Gold is the plaintiff in a district court case pending since 2015. That case is likely to last several more years

4

and its outcome is uncertain.  The Trustee believes that a voluntary payment by Mr. Gold to the estate is the only way that the Trustee will be able to make a distribution to creditors.

Towards that end, it is significant that only four allowable unsecured claims totaling $19,548.14 have been filed in this case.  Consequently,  the proposed $32,722.27 settlement will be sufficient to pay all costs of administration, including Trustee fees and expenses, Attorney fees and expenses, Accountant's fees and expenses and Court costs and still generate over 90% net estimated  distribution to allowed unsecured creditors' claims.  The proposed settlement is therefore consistent with the best interest of the unsecured creditors of this Estate.

The chapter 7 Trustee's duty is civil in nature.  The Trustee is charged with locating and liquidating non-exempt assets for distribution to creditors. The distribution to creditors of the estate will be severely depleted by ongoing administrative costs of this case.  The Trustee believes this is the only way he will be able to make a meaningful distribution to creditors.  The Trustee submits that the sanctions and fines that this Court imposed on Mr. Gold have fulfilled their purpose - they have made him pay money to the bankruptcy estate.  In addition, Mr. Gold has consistently asserted his position that he is entitled to attorney fees and Mr. Gold's basis for entering this compromise is his position that he is entitled to fees.  The Trustee disagrees with Mr. Gold's position.  The Trustee's basis for entering into this compromise is his belief that it is the best opportunity for the estate to collect any funds.  The Trustee also recognizes that absent a compromise, litigation regarding the right to fees may continue. If this motion is granted, Mr. Gold will not seek any further payment of any kind from the estate. Bringing a final and certain conclusion to this litigation is an additional reason this compromise is in the best interest of the Chapter 7 estate.

5

Bankruptcy Rule 9019 (a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Code Section 102(1)(A) and (B) define the term "after notice and a hearing". It "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." Further, the court is authorized to act without an actual hearing if proper notice is given and a hearing is not requested timely by a party in interest.

Whether to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *In re Bard,* 9 F.App'x 528, 530 (6th Cir. 2002); *In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D. Ohio 1987); *see also Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (courts may consider opinions of the trustee or debtor-in-possession that a settlement is fair and reasonable). The court exercises its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *see also Nellis*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above"). *And see Hindelang v. Mid-State Aftermarket Body Parts, Inc. (In re MQVP, Inc.)*, 477 Fed. Appx. 310, 312 (6th Cir. 2012) (The law favors compromise because it minimizes the costs of litigation and furthers the parties' interest in expediting administration of a bankruptcy estate).

The responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied sub nom Cosoff v. Rodman*, 464 U.S. 822 (1983). *See also In re Carla Leather, Inc.*, 44 B.R. 457, 470 (Bankr. S.D.N.Y. 1984). The assessment of a settlement only

6

requires identification of the issues in controversy "so that the bounds of reasonableness can be seen with some clarity." *Carla Leather*, 44 B.R. at 470.

> The very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of power to compromise … this could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty. *Id.*

Neither Rule 9019 nor any section of the Bankruptcy Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. The standards for approval of settlement in bankruptcy cases are well established in precedent, however, focusing upon whether the proposed settlement is reasonable and in the best interests of creditors. In *TMT Trailer Ferry*, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), *reh'g denied*, 391 U.S. 909 (1968), citing *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 140 (1939); *see also Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988).

"Importantly, however, a bankruptcy judge need not hold a mini-trial or

7

write an extensive opinion every time he approves or disapproves a settlement." *Hindelang v. Mid-State Aftermarket Body Parts, Inc. (In re MQVP, Inc.)*, 477 Fed. Appx. 310, 313 (6th Cir. 2012) (internal citations omitted). Further, bankruptcy courts "generally accord some deference to the trustee's decision to settle a claim." *Id.*

The bankruptcy court is not to substitute its judgment for that of the trustee, but rather the court must test the trustee's choice for reasonableness. *See Hill v. Burdick (In re Moorhead Corp.),* 208 B.R. 87, 89 (1st Cir. BAP 1997), *aff'd*, 201 F.3d 428 (1998). If the trustee chooses one of two reasonable choices, then the court must approve that choice, even if all things being equal, the court would have selected the other. *Ashford Hotels, Ltd.,* 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998).

In considering a proposed compromise, the court must consider the principle that the "law favors compromise." *In re Goldstein,* 131 B.R. 367, at 370 (Bankr. S.D. Ohio 1991).

<u>Conclusion</u>

For all the foregoing reasons, the Trustee submits that this Amended Motion is well founded and should be granted and an Order entered approving the terms of the proposed compromised as set forth in this motion.

/s/ *Waldemar J. Wojcik* (#0021824)
Waldemar Wojcik Co, LPA
526 Superior Ave., #211
Cleveland, OH 44114
Tel 216/241-2628
wwojcik@wojciklpa.com

8

## <u>Certificate of Service</u>

The undersigned does hereby certify that a true and correct copy of the foregoing Amended Motion to Compromise Controversy was served on the 18th day of September, 2017 as follows:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Amelia A Bower    abower@plunkettcooney.com, dstogner@plunkettcooney.com
- John W. Gold    jgold@jwg-law.com
- Lauren A. Helbling    lauren@helblinglpa.com
- Mark W Iannotta    miannotta@plunkettcooney.com, bkennedy@plunkettcooney.com
- United States Trustee    (Registered address)@usdoj.gov
- Brooke D. Turner-Bautista    bbautista@mcglinchey.com, hhines@mcglinchey.com
- Waldemar J Wojcik    wwojcik@wojciklpa.com, wwojcik@ecf.epiqsystems.com
- Amy Good ust08    amy.l.good@usdoj.gov

And by regular U.S. Mail, postage pre-paid,  on this 18th day of September, 2017 to the Debtor, George C.  Daher, 8137 Maplegrove Ave., N. Royalton, OH 44133 and to all other parties in interest as set forth below:

| | | |
|---|---|---|
| 1st Financial Bank | Illuminating Co Bankruptcy Dept | INTERNAL REVENUE SERVICE |
| c/o Creditors Bankruptcy Service | 6896 Miller Rd Ste 204 | 1240 E 9TH ST, RM 493 |
| P.O. Box 740933 | Brecksville, OH 44141 | CLEVELAND, OH 44199 |
| Dallas, TX 75374 | | |

Dominion East Ohio Gas
P.O. Box 5759
Cleveland Oh 44101-5759

/s/*Waldemar J. Wojcik* (#0021824)
Attorney for Trustee

9