IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| GEORGE C. DAHER | CASE NO. 10-17252 |
| Debtor | JUDGE JESSICA E. PRICE SMITH |

### TRUSTEE'S AND JOHN W. GOLD'S JOINT MOTION TO VACATE THE NOVEMBER 30, 2015 AND MARCH 1, 2016 CONTEMPT JUDGMENTS PURSUANT TO FED. R. CIV. P. 60(B)(5)

Now comes the Trustee and John W. Gold who hereby jointly move this Court for an order vacating the November 30, 2015 and March 1, 2016 contempt orders pursuant to Fed. R. Civ. P. 60(b)(5). Good cause exists to grant this motion because all obligations which form the subject of the contempt order have been fully satisfied, discharged and released pursuant to the January 18, 2018 order granting the Trustee's Amended Motion for authority to compromise.

### Background

On January 18, 2018 this court entered an order approving a compromise entered between the Trustee and Mr. Gold pertaining to the disposition of two contempt orders entered by the bankruptcy court on November 30, 2015 and March 1, 2016 arising from an ownership dispute between the Trustee and Mr. Gold over $32,722.37 which the court ruled was property of the Chapter 7 bankruptcy estate. Mr. Gold was ultimately found in contempt for failing to turn those funds over to the Trustee, and he appealed those rulings.

While his appeal was pending, Mr. Gold and the Trustee reached an agreement, subject to court approval, whereby the Trustee would accept $32,722.37 from Mr. Gold in full satisfaction of all claims against Mr. Gold by the Chapter 7 Estate, including attorney's fees and per diem penalties. The terms of

the compromise, as set forth in Trustee's 9/18/17 Amended Motion to Compromise (Doc. #25) are restated as follows:

(1)  Mr. Gold shall pay $16,000.00 to the Trustee. The $16,000.00 is non-refundable to Mr. Gold for any reason and regardless of whether this motion is granted or denied. The Trustee is in receipt of the $16,000.00.

(2)  After payment of the $16,000.00, John Gold shall pay $2,000.00 to the trustee on a monthly basis until the total amount of $32,722.37 is paid. Having received the $16,000.00 on April 4, 2017, the monthly payments shall be due on May 4, 2017, June 4, 2017 and continue to be due on the 4th of each month until paid in full. Mr. Gold has made additional payments of $8,000.00 to date.

(3)  Once the first payment of $16,000.00 is paid, the Trustee shall file a motion to compromise. While the motion to compromise is pending, Mr. Gold will continue to make the $2,000.00 monthly payments. The $2,000.00 monthly payments to the Trustee are non-refundable. Mr. Gold has paid a total of $24,000.00 to this date and has advised this Trustee that he intends to accelerate his payments by paying the full balance due by the hearing date upon this Amended Motion, so that the principal sum of $32,722.37 shall be paid in full by that time.

(4)  If the motion to compromise is approved and upon payment of $32,722.37 in full, the 11/30/15 and 3/1/16 contempt and sanctions Orders shall be deemed satisfied and at that time the Trustee will join with Mr. Gold in filing a joint Motion for Relief from those Judgments pursuant to Fed.R.Civ.P.60(B)(5).

(5)  Mr. Gold shall dismiss this appeal at his costs within 7 days of the date that this motion to compromise is approved.

(6)  If Mr. Gold fails to timely make a monthly payment, which is defined as a full payment of $2,000.00 payable in certified funds by the 4th of each month or

alternatively, to pay the full $32,722.37 by the scheduled hearing date upon this Amended Motion, the Trustee shall file an affidavit of non-compliance in the bankruptcy court and upon filing such affidavit, Mr. Gold's obligations, fines and penalties as imposed in the March 1, 2016 judgment entry shall be deemed in full force and effect retroactive to March 1, 2016.

(7) If this Amended motion to compromise is not approved, the Trustee shall keep all payments received. In that event, the Trustee and Mr. Gold agree to contact the Circuit Mediator to explore whether another amended motion to compromise is appropriate.

(8) Neither John Gold nor the Trustee shall make any oral or written statements, telecommunications, facsimiles, faxes, communications, correspondences, electronic communications or correspondences or cause to be made any oral or written statements, telecommunications, facsimiles, faxes, communications, correspondences, electronic communications or correspondences to any third party, person, or entity which, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon the business, reputation, competence, or character of the Trustee or Gold. However, this paragraph shall not apply to any statements of fact made under oath in a legal proceeding.

Mr. Gold made his final payment to the Trustee on October 11, 2017 and his appeal of the contempt orders was dismissed on February 1, 2018. Thus, Gold has fully performed under the terms of the settlement.

<u>Relief Is Appropriate Under Fed. R. Civ. P. 60(B)(5)</u>

Fed. R. Civ. P. 60(b)(5) permits vacating a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable." *Gillespie v. Timmerman*, Case No. 3:09-cv-471 (S.D. Ohio 2012); see also *M & C Corporation v. Erwin Behr GMBH & Co., KG*, 411 F.3d 749 (6th Cir. 2005).

Here, Mr. Gold fully satisfied the repayment terms agreed to in the motion to compromise. In fact, Mr. Gold fully performed sooner than agreed, making his final payment on October 11, 2017. Furthermore, Gold dismissed his appeal of the subject contempt orders on February 1, 2018. Accordingly, Mr. Gold has performed fully under the terms of the compromise as approved by this Court in its January 18, 2018 order, and Mr. Gold's obligations are "deemed satisfied" as set forth in Section 4 of the approved compromise. Thus, the criteria for relief under Fed. R. Civ. P. 60(b)(5) is established as a matter of law.

Conclusion

For all the foregoing reasons, the Trustee and Mr. Gold submit that this joint motion to vacate the November 30, 2015 and March 1, 2016 contempt orders pursuant to Fed. R. Civ. P. 60(b)(5) should be granted.

Respectfully submitted,

Waldemar Wojcik Co., L.P.A.

/s/ Waldemar J. Wojcik
_____
WALDEMAR J. WOJCIK (0021824)
Attorney for Trustee
526 Superior Avenue, Suite 211
Cleveland, OH   44114
Phone:  (216) 241-2628
Fax:  (216) 373-2392


/s/ John Gold
_____
JOHN GOLD (0078414)
PMB 5379
159 Crocker Park Blvd., #400
Westlake, OH   44145
Phone:  (216) 777-1488
Fax:  (419) 593-4441
Email: jgold@jwg-law.com

-4-

Certificate of Service

      The undersigned does hereby certify that a true and correct copy of the foregoing Joint Motion to Vacate Contempt Judgments was served on February 26, 2018 as follows:

   Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Amelia A Bower    abower@plunkettcooney.com, dstogner@plunkettcooney.com
- John W. Gold    jgold@jwg-law.com
- Lauren A. Helbling    lauren@helblinglpa.com
- Mark W Iannotta    miannotta@plunkettcooney.com, bkennedy@plunkettcooney.com
- United States Trustee    (Registered address)@usdoj.gov
- Brooke D. Turner-Bautista    bbautista@mcglinchey.com, hhines@mcglinchey.com
- Waldemar J Wojcik    wwojcik@wojciklpa.com, wwojcik@ecf.epiqsystems.com
- Amy Good ust08    amy.l.good@usdoj.gov

And by regular U.S. Mail, postage pre-paid on February 26, 2018 to the Debtor, George C. Daher, 8137 Maplegrove Ave., N. Royalton, OH 44133 and to all other parties in interest as set forth below:

   1st Financial Bank
   c/o Creditors Bankruptcy Service
   P.O. Box 740933
   Dallas, TX 75374

   Illuminating Co Bankruptcy Dept
   6896 Miller Rd Ste 204
   Brecksville, OH 44141

   INTERNAL REVENUE SERVICE
   1240 E 9TH ST, RM 493
   CLEVELAND, OH 44199

   Dominion East Ohio Gas
   P.O. Box 5759
   Cleveland Oh 44101-5759

   /s/ Waldemar J. Wojcik
   _____
   WALDEMAR J. WOJCIK (0021824)
   Attorney for Trustee